FILED
SUPERIOR COURT
OF GUAM

2019 MAY 17 PM 2:04

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| **JOEY CARLOS G. MENDIOLA,** | ) | **Case No. DM0266-15** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DECISION & ORDER** |
| | ) | |
| | ) | |
| **SHEERA MARIE B. MENDIOLA,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 17, 2019 for a hearing on Plaintiff Joey Mendiola's ("Joey") Ex-Parte Motion for Clarification of Custody. Joey is represented by Attorney Daniel Somerfleck, and Defendant Sheera Mendiola ("Sheera") is represented by Attorney Anthony Perez. After considering the arguments and filings of the parties, and the applicable law, the Court now issues this Decision and Order denying the Ex-parte Motion.

### BACKGROUND

The parties were married in September 2008 and have one minor child of the marriage: *J.B.M.* (DOB: 06/09/11). (Complaint May 29, 2015). The initial Complaint for Divorce was filed in May 2015. *Id.* In October 2016 the parties filed an Interlocutory Decree for Dissolution of Marriage incorporating a Marital Settlement Agreement settling all custody and property

disputes. (Interlocutory Decree at 3-8, Oct. 10, 2016). The Court subsequently issued a Final Decree of Divorce incorporating the terms of the Interlocutory Decree. (Final Decree of Divorce at 2, Oct. 10, 2018).

In the settlement agreement, both parties agreed that they would receive alternating annual custody of *J.B.M.* starting in June 2018, with the Joey taking custody of the child first. (Interlocutory Decree at 4-5). In April 2018, Sheera wrote Joey, asking if *J.B.M.* could stay with her for another year on Guam. (Decl. Defendant, Exb. A, at 1, May 09, 2018). Joey, who was unsure about whether he would be reenlisting with the military, and had not yet been informed of his next post, acquiesced to Sheera's request. (Decl. Plaintiff at 2). The child remained on Guam in the primary care of his mother for the 2018-2019 school year. *Id.* In the interim, Joey received a promotion, and decided to reenlist. *Id.*

Joey was subsequently informed that his next post would be in Alaska. *See id.* When he informed Sheera of this fact and his intention to take custody of the child at the end of the 2018-2019 school year, Sheera responded that his custodial period had been 2018-2019, and that she would retain custody of *J.B.M.* for the 2019-2020 school year. *Id.* Joey then filed his ex-parte motion. (Ex-Parte Mot. Clarification of Custody, May 07, 2019). Sheera filed an opposition to the motion. (Opposition, May 09, 2019). The Court held a hearing for the motion and took the matter under advisement. (Minute Entry, May 17, 2019).

## DISCUSSION

In his motion, Joey requests that this Court order that he have custody of the child for the 2019-2020 school year. (Ex-parte Mot. Clarification of Custody at 3). Paragraph five of the Marital Settlement Agreement which reads:

> Wife and Husband agree to joint physical custody of the minor child on an alternating, annual basis when the minor child reaches the age of seven, beginning June 2018 when the Husband's period of custody begins.

> . . .

> Both Parties agree that wife will have custody of minor child until June 2018. At which time the child will relocate and reside with the father for the next year, and continuing on a year-on, year-off basis. Child shall stay with custodial parent for two weeks after the end of the school year, and then the child will transfer to the non-custodial parent.

(Interlocutory Decree at 4-5). Sheera asserts that, by the plain language of the agreement, Joey had custody of *J.B.M.* for the 2018-2019 school year, which he did not exercise, and that the 2019-2020 school year is her custodial period. (Decl. Defendant at 3).

Under Guam law divorce decrees incorporating a marital settlement agreement are considered consent decrees. *Lujan v. Lujan*, 2012 Guam 7 ¶ 7. These agreements occupy a "favored position in the law" and courts are loathe to disturb an agreement unless there is evidence of fraudulent inducement or gross inequity. *See id.* ¶ 21. Guam courts apply contract principles in interpreting martial settlement agreements. *Id.* ¶ 30. "[E]ffect must be given to the mutual intention of the parties as it existed at the time of entering into the settlement agreement." *Id.* (citing *Leon Guerrero v. Moylan*, 2000 Guam 28 ¶ 8). When a contract is reduced to writing, the court must ascertain the intent of the parties from the language of document alone, if possible. *Id.*

Here, the plain language of the settlement agreement is clear and unambiguous. At the time the parties entered into the agreement, Joey was to have custody of the child starting in June 2018 and continuing through the 2018-2019 school year, at which point the parties would assume alternating year on year off custody of the child. (Interlocutory Decree at 4-5). Per the terms of the agreement, Sheeran's custodial period begins two weeks after the end of the child's

school year in 2019, which will either be either this month or next month. *Id.* at 5. While the Court is sympathetic to Joey, whose situation may have prevented him from assuming custody during his custodial period, this Court must give effect to the clear intention of the parties in the agreement: alternating year on year off starting with Joey's year from June 2018. *Lujan*, 2012 Guam 7 ¶ 30. Since Joey does not assert any fraud, and the custody agreement reflects the Guam Legislature's policy of equal involvement of each parent in the child's life, the Court will decline to disturb the agreement. *Id.* ¶ 21; *Lanser v. Lanser*, 2003 Guam 14 ¶ 9 ("'Title 19 of the Guam Code Annotated, read as a whole, reflects the legislature's underlying policy that whenever possible, the sanctity of family life should be preserved by the inclusion of both parents in the lives of their children.'") (quoting *Flores v. Flores*, 1998 Guam 30 ¶ 11). Therefore, the Court finds that, under the settlement agreement, Sheera is to have custody of the child for the 2019-2020 school year. Accordingly, Joey's request to take the child to Alaska is denied.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Plaintiff Joey Mendiola's Ex-Parte Motion for Clarification of Custody.

**IT IS SO ORDERED** on this 17th day of May, 2019.



SERVICE VIA COURT BOX
I ack.... ....dge that a copy of the
....na...hereto was placed in the
.... box of:
*A. Perez*
*Somsuelra*
Date: 5/17/19  Time: 3 a
*dharmia*
Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**